JOHN LYONS, PROSECUTOR, v. THE CITY OF BAYONNE ET AL., DEFENDANTS.

Argued July 25, 1925—Decided August 5, 1925.

An "emergency" under the provisions of chapter 178 of the laws of 1919 (an amendment to the Budget act of 1918) justifying an appropriation of funds by a municipal body, must be one authorized by the amendment, and equivalent to a public calamity, resulting from fire, flood or like disaster, or by some unusual occurrence that could not be reasonably anticipated, and not such as may be created by conception of need by the local municipal body, due to want of foresight, or failure to respond to local conditions.

On motion to vacate rule to show cause.

Before Justice MINTURN.

For the motion, *James Benny* and *Hyman Cohen.*

Contra, *Israel Lipschitz* and *Charles Rubenstein.*

The opinion of the court was delivered by

MINTURN, J. On July 14th last the city commissioners of Bayonne, by the necessary statutory three-fourths vote, adopted five resolutions appropriating in the aggregate $89,-

000 for the performance of various lines of municipal work, including street and sewer cleaning and repairs to municipal buildings. Their passage at this period is sought to be justified upon the theory that they are designed to meet a municipal "emergency" under the provisions of chapter 178 of the laws of 1919, amendatory of the act of 1918, known as the "Budget act." This legislation provides that "upon the happening of any emergency caused by fire, flood, storm, explosion, epidemic, recovery of judgment, act of God, or public enemy, or for the preservation of order or public health, or for restoring to a condition of usefulness any public property the usefulness of which has been destroyed by accident, or by happening that could not have been anticipated, any municipality being without funds to meet the necessities and conditions created thereby by vote of at least two-thirds of the governing body of such municipality," make appropriations, &c., &c. The amending act of 1919 provides that the determination of the governing body ordering the appropriation, "if adopted by a three-fourths vote, shall be conclusive as to the character and existence of an emergency within the meaning of the act."

The prosecutor, a taxpayer and citizen, attacks the validity of the resolutions, contending that no emergency whatever exists in the city, and that the three-fourths vote of the commissioners cannot create an emergency where none in fact existed.

A rule to show cause was granted; the commissioners intervened to vacate the rules; testimony was taken and a hearing had.

The question before the court is whether the rule granted upon this state of facts should be vacated as inadvertently allowed.

The contention of the commissioners is that in each instance specified in the resolutions an emergency has arisen; that the resolutions in fact so declare, and that the determination of the municipal body upon that fact in the language of the act is "conclusive as to the character and existence of an emergency."

This argument, obviously, is predicated upon the notion that the action of the municipal body in declaring an emergency in any given situation is a finality, and not reviewable. Mr. Justice Lloyd, in the recent case of *Willits* v. *Beach Haven,* 3 *N. J. Mis. R.* 710, sustained the action of the municipal body upon the ground that the emergency in fact existed as contemplated by the statute; but he was careful to put his decision upon the ground that after an examination of the facts he was satisfied of the existence of an emergency, and he predicated his decision upon the statement that the local municipal action must be taken in good faith. Manifestly, no other rational course was possible, unless we are prepared to abolish the supervisory power of the Supreme Court upon its writ of *certiorari* upon the mere *ipse dixit* of the municipal body. Such procedure, however, if attempted by the legislature, would be clearly unconstitutional. *Green* v. *Heritage,* 64 *N. J. L.* 567; *Tennessee Central Railroad* v. *Campbell,* 109 *Tenn.* 640.

It must be assumed, therefore, that the legislature intended to pass a constitutional measure, and not an act which would attempt to deprive one of the essential constitutional governmental departments of the state of its hereditary power by its process to function. This being conceded, the question as to whether there was an emergency in existence in Bayonne, as contemplated by the statute, is a proper and legal question for consideration by the court in the interest of the taxpayers and citizens. It is no answer to this to respond that because the commissioners from their point of view deem that an emergency exists, *ex. necessitate,* one must exist. The emergency contemplated by the legislature is not one created by the conception of the need of the local body, and due in great measure to the perversity and antagonism of local conditions, or the want of foresight of the appropriating body at the proper time in failing to respond to conditions as they were represented. The "emergency" contemplated is the statutory condition outlined by the legislature and equivalent to a public calamity, resulting from fire, flood or like disaster, or

by some unusual occurrence that could not by any prevision of the local appropriating body be reasonably anticipated.

In the construction of such a remedial act, the settled rule for determining the applicability of any given situation to the legislative conception is *noscitur a sociis,* which, in effect, means that the question at hand must be akin in its general aspects to the situation contemplated by the legislature as depicted by the description and language employed for the purpose in view. *Broom Max.* 588, and cases.

The importance of a determinative construction of the act in question to the governing bodies of all municipalities, as well as to the average taxpayer and citizen, is so manifest that, aside from its immediate importance to the litigants in this cause, advantage should be taken of this proceeding to present the issue at an early day to the Supreme Court. For that purpose a writ of *certiorari* will be granted as well as a rule to take testimony thereunder for use at the October term.

The motion to vacate the rule to show cause will therefore be denied.